## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Dale Dexter Morrow, | Case No. 23-cv-2137 (JMB/DTS) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| B. Eischen, FPC-Duluth Warden, | |
| Respondent. | |

## INTRODUCTION

Petitioner Dale Dexter Morrow brought a habeas petition under 28 U.S.C. § 2241 seeking to apply prior custody credit and First Step Act time credits (FTCs) for disallowed program days toward an early release. Dkt. Nos. 1, 19. If properly awarded these credits, Morrow argues, he is eligible for immediate release or transfer to a Residential Reentry Center (RRC). *Id.* Morrow also requests more time in an RRC than he has been allocated. Dkt. No. 1-1. Because Morrow has been transferred to an RRC, there is no longer a live controversy, and the Court recommends the petition be denied as moot. The Court also recommends Morrow's request for additional time in an RRC be denied.

## FINDINGS OF FACT

The Bureau of Prisons' (BOP) most recent calculation shows that Morrow has earned 365 days of FTCs toward an early release and 135 days toward pre-release transfer to an RRC or home confinement. Dkt. No. 19-2 at 3. After applying those credits, Morrow's projected home detention eligibility date is August 22, 2024, with a statutory release date of February 22, 2025. *Id.* However, the FPC-Duluth Unit Team planned to

recommend that Morrow be placed in an RRC pre-release on April 12, 2024. Dkt. No. 16 at 6. As of April 8, 2024, Morrow had been transferred to an RRC in Atlanta, Georgia.[1]

**CONCLUSIONS OF LAW**

**I.    Application of FTCs and Custody Credit**

The Court recommends denying the petition as moot because there is no longer an ongoing case or controversy. Without a live case or controversy, this Court lacks subject-matter jurisdiction and the case is moot. U.S. Const., art. III, § 2, cl. 1; *Ali v. Cangemi*, 419 F.3d 722, 723-24 (8th Cir. 2005). "Generally, a claim is moot when 'changed circumstances already provide the requested relief and eliminate the need for court action.'" *Hillesheim v. Holiday Stationstores, Inc.*, 903 F.3d 786, 791 (8th Cir. 2018) (quoting *McCarthy v. Ozark Sch. Dist.*, 359 F.3d 1029, 1035 (8th Cir. 2004)). The relief Morrow sought in his habeas petition—immediate release or transfer to an RRC—has been provided. Because he has been transferred to an RRC, Morrow has obtained all the relief this Court could provide, rendering his petition moot. *See Miller v. Whitehead*, 527 F.3d 752, 756 (8th Cir. 2008) (finding that the petitioners' transfer to an RRC while their appeal was pending rendered their claims moot); *Mickelson v. Holinka*, No. 07-3243, 276 F. App'x 527, 2008 WL 1931211, at *1 (8th Cir. May 5, 2008) (same).

Still, certain exceptions allow a court to hear a habeas case even when the petitioner has already received relief. A habeas petition is not moot if:

> (1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of

---

[1] Federal Bureau of Prisons, Inmate Locator, https://www.bop.gov/inmateloc/ (last visited April 8, 2024). *See Alford v. Rardin*, No. 22-cv-2525, 2023 WL 4976549, at *2 n.1 (D. Minn. July 5, 2023) (taking judicial notice of release based on the Inmate Locator and collecting cases doing the same), *report and recommendation adopted*, 2023 WL 4974786 (D. Minn. Aug. 3, 2023).

repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is properly certified class action suit.

*Riley v. I.N.S.*, 310 F.3d 1253, 1257 (10th Cir. 2002). None of these exceptions apply here. First, Morrow has not identified any cognizable collateral injury resulting from his allegedly delayed transfer to an RRC. *See Scheper v. Rios*, No. 19-CV-402, 2020 WL 4060729, at *3 (D. Minn. June 5, 2020) (finding no collateral consequences when the petitioner was "not transferred to home confinement as quickly as he thought he should have been"), *report and recommendation adopted*, 2020 WL 4059875 (D. Minn. July 20, 2020). Nor is this the type of case that is "capable of repetition yet evading review," since Morrow will not be incarcerated for this same conduct again. *See In re Search Warrants Issued in Connection with Investigation of S. Cent. Career Ctr., W. Plains, Mo.*, 487 F.3d 1190, 1193 (8th Cir. 2007) (noting that the capable-of-repetition exception applies when there is a "reasonable expectation" that the same party "will be subjected to the same action again"). The third exception does not apply because the BOP is not "free to resume" Morrow's incarceration "at any time." Were he to be returned to prison for violating a condition of his prerelease custody, it would be under a different set of facts than those giving rise to his original petition. *See Scheper*, 2020 WL 4060729, at *3. Finally, this case does not involve a class of petitioners. Because none of these exceptions apply and Morrow has received relief, his request is moot.

## II.    Additional Time in an RRC

The Court also recommends denying Morrow's request for additional time in an RRC. The BOP is obligated to formulate a pre-release plan for each incarcerated person, which may include placement in an RRC for up to twelve months. 18 U.S.C. § 3624(c);

*see Elwood v. Jeter*, 386 F.3d 842, 847 (8th Cir. 2004). When formulating an inmate's pre-release plan, the BOP considers the following factors: "(1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence: (a) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or (b) recommending a type of penal or correctional facility as appropriate; and (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28." 18 U.S.C. § 3621(b). Inmates are not entitled to placement in an RRC, nor are they entitled to any particular amount of time in an RRC. *See United States v. Martinez-Gutierrez*, No. 09-cr-49(11), 2013 WL 1435154, at *3 (D. Minn. Apr. 9, 2013) ("Neither due process under the Fifth Amendment nor the Equal Protection Clause under the Fourteenth recognize a protectable interest in prerelease custody programs offered under the Second Chance Act."); *Raymer v. Cruz*, 2009 WL 2778073 at *1 (D. Minn., August 28, 2009) (The petitioner "is not entitled to any particular period of halfway house or home confinement period under the Second Chance Act."). Moreover, courts lack jurisdiction to review the BOP's placement decisions. 18 U.S.C. § 3621(b)(5) ("[A] designation of a place of imprisonment under this subsection is not reviewable by any court.").

The FPC-Duluth Unit Team recommended that Morrow be transferred to an RRC on April 12, 2024, ten months prior to his statutory release date and four months prior to his home detention eligibility date. Dkt. Nos. 16 at 6, 19-2 at 3. Because inmates may be eligible for up to twelve months in an RRC, Morrow seeks additional time there to facilitate his reintroduction to society. Dkt. No. 1-1. Morrow may not have received as much time

in an RRC as he desires, but the BOP, not the courts, determines the adequacy of pre-release plans. *See Tovey v. Cruz,* No. 09-508, 2010 WL 391336, at *14 (D. Minn. Jan. 25, 2010) ("[T]he BOP is uniquely qualified . . . to make decisions as to the propriety, as well as the length, of any community confinement for inmates nearing the end of their sentences."). The Court declines to "intrud[e] upon the discretion of the BOP," and recommends that Morrow's request be denied. *Id.*

## RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS THAT:

1.     Morrow's petition for a writ of habeas corpus [Dkt. No. 1] be **DENIED AS MOOT**.

2.     Morrow's request for additional time in an RRC [Dkt. No. 1-1] be **DENIED**.


Dated: April 8, 2024                          _s/ David T. Schultz_____
                                              DAVID T. SCHULTZ
                                              United States Magistrate Judge


## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).